# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6873 | **DATE** | 11/13/2001 |
| **CASE TITLE** | USA vs. Santillan-Garcia | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Enter Order. The court GRANTS the government's motion for summary judgment [#3] to revoke and set aside the order admitting defendant to citizenship and to cancel defendant's Certificate of Naturalization, No. 21366652. The revocation and setting aside of the order admitting defendant to citizenship and the canceling of defendant's certificate of naturalization are effective as of the original date of the order and certificate, which is August 6, 1996. In accordance with this judgment, the court issues the attached ORDER canceling defendant's certificate (a certified copy of which is to be sent to the Attorney General of the United States) and directing defendant to surrender his certificate of naturalization to the Attorney General of the United States.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 7 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/13/2001 date mailed notice | |
| MD | courtroom deputy's initials | 01 NOV 13 PM 4:42 | MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 6873 |
| GUSTAVO GERARDO SANTILLAN-GARCIA, | ) |
| Defendant. | ) |

DOCKETED
NOV 1 4 2001

## MEMORANDUM OPINION AND ORDER

Presently before the court is the unopposed motion of the United States for summary judgment to revoke and set aside the order admitting defendant Gustavo Gerardo Santillan-Garcia to citizenship and to cancel defendant's certificate of naturalization, pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1451(a). The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1345. For the reason set forth below, the court grants the motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving

1

party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-599. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Summary judgment is appropriate in denaturalization proceedings when there are no genuine issues of triable fact." *United States v. Schmidt*, 923 F.2d 1253, 1257 (7th Cir. 1991) (citing *United States v. Dercacz*, 530 F. Supp. 1348, 1350-51 (E.D.N.Y. 1982)).

## BACKGROUND

On May 4, 1995, defendant filed an application for naturalization with the Immigration and Naturalization Service ("INS"). Question 15(b) of Part 7 of the application asked: "Have you ever . . . been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance excluding traffic regulations?" In response, defendant (or his preparer of the application) marked the box "no." Defendant signed the application under penalty of perjury. On June 21, 1996, in his naturalization interview with an INS District Adjudications Officer, defendant reaffirmed his answer. At the interview, defendant signed a sworn statement that the contents of his application were true and correct. Defendant took the oath of allegiance on August 6, 1996 and was issued Certificate of Naturalization, No.

21366652.[1]

Prior to taking the oath, defendant had been arrested, charged with three state drug crimes and convicted of one of those charges. Specifically, on or about June 30, 1988 defendant was arrested and thereafter in March 1989 charged with possession of a controlled substance (cocaine) in violation of Ill. Rev. Stat. 1985 (as amended), ch. 56 ½, par. 1402(b) (now 720 ILCS 570/402), possession of a controlled substance (cocaine) with intent to deliver in violation of Ill. Rev. Stat. 1985 (as amended), ch. 56 ½, par. 1401(b)(2) (now 720 ILCS 570/401), and delivery of a controlled substance (cocaine) in violation Ill. Rev. Stat. 1985 (as amended), ch. 56 ½, par. 1401(b). On August 21, 1995, defendant pled guilty to, and was convicted of, possession of a controlled substance (cocaine) with intent to deliver in violation of Ill. Rev. Stat. 1985 (as amended), ch. 56 ½, par. 1401(b)(2). The crime is a felony and carries a punishment of up to a $250,000 fine. *Id.* Defendant was sentenced to three days of time actually served in lieu of a fine and two years probation.

The government filed a complaint in this court on November 2, 2000 against defendant, whose last known residence is in Harvey, Illinois. Attached to the complaint is the affidavit of Michael Neifach, an INS officer, showing good cause for the action. The complaint was personally served on defendant on November 14, 2000. Defendant did not file an answer. A status hearing was held on February 8, 2001, and defendant failed to appear. The government subsequently filed the instant motion for summary judgment and sent a Notice to *Pro Se* Litigant

---

[1]The government referred to Certificate of Naturalization, No. 22198764, in its memorandum in support of summary judgment. (*See* Pl.s' Mem. at 1.) However, the copy of defendant's certificate attached as Ex. 1A to that memorandum specifies defendant's Certification of Naturalization as No. 21366652, which is consistent with the Complaint ¶ 13 and Pl.'s Statement of Material Facts ¶ 11. Therefore, the court considers the reference to a different number on the first page of the memorandum to be an oversight and not affecting the instant motion.

Opposing Motion for Summary Judgment to defendant in March of 2001 informing him of his responsibility in opposing the motion in accordance with Federal Rule of Civil Procedure 56 and the Local Rule 56.1 of the Northern District of Illinois and the implications for failure to so comply.

## DISCUSSION

Under the INA, the government has a duty

> ... upon affidavit showing good cause therefor, to institute proceedings in any district court of the United States in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation[.]

8 U.S.C. § 1451(a). Because "the right to acquire American citizenship is a precious one ... the Government 'carries a heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship.'" *Fedorenko v. United States*, 449 U.S. 490, 505 (1981) (internal citations and quotation marks omitted). "The evidence justifying revocation of citizenship must be 'clear, unequivocal, and convincing' and not leave 'the issue in doubt.'" *Id.* (quoting *Schneiderman v. United States*, 320 U.S. 118, 125 (1943) (quoting *Maxwell Land-Grant Case*, 121 U.S. 325, 381 (1887)); *United States v. Kairys*, 782 F.2d 1374, 1378 (7th Cir. 1986). Once one of the conditions for revoking citizenship is found, however, the court "has no discretion to refuse to revoke citizenship." *United States v. Ciurinskas*, 148 F.3d 729, 732 (7th Cir. 1998).

The government contends that it is entitled to summary judgment for four independent reasons: (1) defendant's naturalization was illegally procured because he was convicted of an aggravated felony during the statutory period; (2) defendant's naturalization was illegally

procured because he gave false testimony in order to obtain naturalization during the statutory period; (3) defendant's naturalization was procured by willful misrepresentation or concealment of a material fact; and (4) defendant was ineligible for naturalization because he was on probation on the date he was administered the oath of allegiance. Because the court finds that the government has sustained its burden with respect to the first ground, it does not reach the remaining three grounds.

Illegally Procured – Aggravated Felony

In order to prevail on its summary judgment motion, the government must show by clear, unequivocal, and convincing evidence that no genuine issue of fact exists regarding whether defendant was convicted of an aggravated felony such as to render his citizenship illegally procured. The Supreme Court has held that failure to strictly comply with the "congressionally imposed prerequisites to the acquisition of citizenship . . . renders the certificate of citizenship 'illegally procured,'" under 8 U.S.C. § 1451(a). *Fedorenko*, 449 U.S. at 506 (citations omitted). "One prerequisite to naturalization is that the applicant be of 'good moral character,'" *Kungys* v. *United States*, 485 U.S. 759, 796 (1988) (quoting 8 U.S.C. § 1427(a)), and the minimum standards for good moral character are set out in 8 U.S.C. § 1101(f). *Id.* Under section 1101(f), a person cannot establish good moral character, if during the statutory period, he is or was "convicted of an aggravated felony (as defined in subsection (a)(43) of this section)." 8 U.S.C. § 1101(f)(8). Section (a)(43) defines "aggravated felony" as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]" 8 U.S.C. § 1101(a)(43)(B). The statutory period for a finding of good moral character includes the five years prior to filing an application for naturalization up to

and including the time that the applicant takes the oath of allegiance and becomes a United States citizen. *See* 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10(a)(1). Accordingly, defendant was required to be a person of good moral character, i.e. not convicted of an aggravated felony, at least from May 4, 1990 through August 6, 1996.

The government argues, and the court agrees, that it is undisputed that defendant was convicted of an "aggravated felony," namely a drug trafficking crime as defined in 18 U.S.C. § 924(c), during the statutory period. Section 924(c) defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) . . . ." 18 U.S.C. § 924(c)(2). Interpreting the definition in section 924(c)(2), many circuits have held that a state drug conviction is a "drug trafficking crime" and thus an aggravated felony under the INA if the offense (1) is punishable under the Controlled Substances Act ("CSA") and (2) qualifies as a felony under either state or federal law. *See United States v. Hernandez-Avalos*, 251 F.3d 505, 508 (5th Cir. 2001) (citing five other circuits);[2] *see also United States v. Galvan-Zermeno*, 52 F. Supp. 2d 922, 924 (C.D. Ill. 1999). Defendant's conviction for possession of a controlled substance (cocaine) with intent to deliver in violation of Ill. Rev. Stat. 1985 (as amended), ch. 56 ½, par. 1401(b)(2) meets both prongs. First, the crime for which he was convicted is punishable under the CSA. *See* 21 U.S.C. §§ 841(a) & (b), 802(6), 812(c); 18 U.S.C. §§ 3581(a) & (b).[3]

---

[2]Although the Seventh Circuit has not ruled on this issue in a published decision, the concurrence of six other circuits suggests that the Seventh Circuit would take the same view.

[3]"It shall be unlawful for any person to knowingly or intentionally–(1) . . . possess with intent to . . . distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a)(1). A "controlled substance" is "a drug . . . included in schedule I, II, III, IV, or V of part B of this subchapter," *id.* at § 802(6), and schedule II of part B includes cocaine. *Id.* at § 812(c). The punishment for possession with intent to distribute or dispense cocaine is "a term of imprisonment of not more than 20 years, . . . a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $1,000,000 if the defendant is an individual . . . , or both." *Id.* at § 841(b)(1)(C). The authorization of such term of imprisonment places the offense in the category of a felony. *See generally* 18 U.S.C. §§ 3581(a) & (b).

6

Second, the crime of which defendant was convicted is not only a felony under federal law,[4] but is also a felony in Illinois. *See* Ill. Rev. Stat. 1985 (as amended), ch. 56 ½, par. 1401(b)(2) (A person who knowingly delivers or possesses with intent to deliver a controlled substance – more than 10 grams but not more than 30 grams of any substance containing cocaine – is guilty of a Class 1 felony.).

Because the crime for which defendant was convicted is punishable under the CSA and is considered a felony, defendant was convicted of a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2), and thus an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(B). Moreover, it is undisputed that defendant's conviction, which occurred on August 21, 1995, was within the statutory period (May 4, 1990 through August 6, 1996). Since defendant was convicted of an aggravated felony within the statutory period, he could not establish the statutory prerequisite of good moral character as required for naturalization under 8 U.S.C. § 1101(f)(8), *Kungys*, 485 U.S. at 796, and, therefore, his citizenship was illegally procured under 8 U.S.C. § 1451(a). *Fedorenko*, 449 U.S. at 506. Because the government has established by clear, unequivocal and convincing evidence that it has met one of the conditions for revocation and cancellation under 8 U.S.C. § 1451(a), this court has no discretion to refuse to revoke defendant's citizenship. *Ciurinskas*, 148 F.3d at 732. Therefore, the court grants the government's motion for summary judgment.

---

[4]*See supra* note 3.

## CONCLUSION

The court GRANTS the government's motion for summary judgment [#3] to revoke and set aside the order admitting defendant to citizenship and to cancel defendant's Certificate of Naturalization, No. 21366652. The revocation and setting aside of the order admitting defendant to citizenship and the canceling of defendant's certificate of naturalization are effective as of the original date of the order and certificate, which is August 6, 1996. *See* 8 U.S.C. § 1451(a). In accordance with this judgment, the court issues the attached ORDER canceling defendant's certificate (a certified copy of which is to be sent to the Attorney General of the United States) and directing defendant to surrender his certificate of naturalization to the Attorney General of the United States. *See id.* at § 1451(f).

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: November 13, 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 14 2001

UNITED STATES OF AMERICA )
)
Plaintiff, ) No. 00-CV-6873 JHL
)
v. )
) JUDGE JOAN HUMPHREY LEFKOW
GUSTAVO GERARDO SANTILLAN- )
GARCIA, )
)
Defendant. )

**ORDER**

AND NOW this /3th day of Nov, 2001, upon consideration of plaintiff's motion for summary judgment, memorandum of points and authorities, and statement of material facts as to which there is no genuine issue, IT IS HEREBY ORDERED:

(1) That Plaintiff's Motion for Summary Judgment is GRANTED.

(2) That the August 6, 1996 naturalization of defendant ordered by the Attorney General of the United States and admitting defendant to United States' citizenship, is REVOKED and SET ASIDE and Certificate of Naturalization No. 21366652, issued by the Attorney General of the United States, is CANCELLED.

(3) That from the date of this Order, defendant is forever RESTRAINED and ENJOINED from claiming any rights, privileges, or advantages of United States citizenship.

(4) That defendant shall immediately SURRENDER and DELIVER his Certificate of Naturalization, any copies thereof in his possession, and any other indicia of United States citizenship, to the Attorney General of the United States, or his representative, the United States

Attorney for the Northern District of Illinois.

(5)   That the Clerk of the Court shall TRANSMIT a certified copy of this Order to the

Attorney General of the United States.

*[signature]*
JOAN HUMPHREY LEFKOW
U.S. DISTRICT COURT JUDGE

11-13-01